## PHILIP C. WALLACE *v.* ISAAC J. FOUCHE.

The taking of illegal interest is not a punishable offence under our laws, nor does it render the contract into which it enters wholly void, but only causes a forfeiture of all interest. *Grand Gulf Bank* v. *Archer*, 8 S. & M. 151.

It has been heretofore settled by this court that a party who attempts to recover on a contract more than the legal rate of interest, can only recover the principal sum advanced by him, and must lose all interest.

The custom of any particular place or trade cannot change this rule, and render that legal which is prohibited by law.

IN error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

The facts are contained in the opinion of the court.

*N. G.* and *S. E. Nye* for appellant.

The first instruction asked by defendant Wallace, raises the point whether one copartner can bind the other members of the firm by an usurious contract? We insist that no such power exists, and that the copartner, not agreeing to such contract, is not bound. As an original question, no one would claim the power for one member of a firm to bind the whole firm upon principles other than those of agency. Story on Agency, 12, 13. Can a man grant an authority to another to do an illegal act, and thereby bind himself? This will hardly be contended. But upon principles of partnership, must they not be created for legal purposes, and must not every act be confined to the provisions of the public laws? And if formed for purposes, or if exercised in a manner, contravening the laws of the land, is not the partnership itself void in the first instance, and are the acts of the acting partner in the second instance binding upon any but himself?

These principles would appear to be almost unanswerable, but it is insisted that they do not apply to an usurious contract; that as the statute has declared the penalty, our defence is closed so soon as we get clear of the usurious interest. This might apply between Fouche and the managing or contracting

Wallace v. Fouche.

partner, but it cannot confer a power or authority to act upon an individual who had none by law or contract. 8 Humph. 417 ; Story on Agency, p. 12; Story on Partnership, § 110.

The draft sued on is nothing more than a promissory note of the officers and owners of the steamboat Hard Times. Is Fouche protected as a dealer in exchange ? It is immaterial whether the transaction takes the shape of a negotiable bill or a promissory note. Chit. on Bills, 27 ; 15 Johns. 55 ; 2 Johns. Ca. 60; 3 Ib. 66 ; 3 Pick. 106. It is clear that in this case, no action could be maintained as between any of the parties to the bill before it was discounted.

*Gibbs* and *Bowman* for appellee.

That a boat or vessel may borrow money, and the master as the confidential agent of the owners, may, by implied authority, bind them, see 3 Kent, 160, § 46; Story on Agency, 130 ; Ib. 38; Story on Contr. 288, &c.; 9 Mass. 163; 11 Ib. 34; 4 Dall. 225; 13 Peters, 387; 15 Mass. 370; 4 Harring. 64.

Partners may bind each other for their common benefit, and if the act is done in the name of the firm, it is not necessary to show any assent on the part of those not present. Negotiable paper is *primâ facie* a partnership liability. Gow on Part. 55; 11 Johns. 544; 5 Shepl. 180; 7 Ala. 19; 2 Peters, 198; 16 Wend. 505 ; 2 Shepl. 271; 4 Ib. 416; 5 Wend. 223; 9 Pick. 272.

No parol agreement will vary the responsibility of copartners, &c. Gow on Part. 52; *Perry* v. *Randolf*, 6 S. & M. 335; 1 Denio, 405; 5 Mason, C. C. 176.

For the authority of one partner to bind the others of the firm by his acts, see 5 Peters, 529 ; Story on Part. § 102; Ib. 113. See, also, 8 Ala.; 1 M. & S. 250; Story's Part. § 107.

Mr. Justice HANDY delivered the opinion of the court.

The defendant in error brought this action in Yazoo circuit court, against the plaintiff in error, to recover the amount of an inland bill of exchange received by the defendant in error under the following circumstances : —

The plaintiff in error, with one Wilson, who was master, and

one Patton, who was clerk, being partners in a steamboat on the Yazoo River, called the "Hard Times," Wilson, the master, drew the bill sued on, dated Yazoo City, February 1, 1849, at thirty days after date, for $512.50, payable to Fouche, expressing on its face that it was to be charged to account of the steamboat Hard Times and owners, addressed to and accepted by "Geo. W. Patton for the steamboat Hard Times." It was drawn for the use of the boat, to raise money to advance on cotton shipped, and was discounted to the clerk by Fouche, who advanced for it the sum of five hundred dollars; and it was proved to be customary for steamboats on the Yazoo River to advance money to pay charges on cotton shipped on them, and that it was the custom of trade at Yazoo City for owners and officers of steamboats to raise money by discounts of drafts similar to the one sued on, allowing interest by way of discount, at from $1\frac{1}{4}$ to $2\frac{1}{2}$ per cent. per month, and that Fouche was engaged in business of that sort. There was also testimony adduced tending to show that the drawing of the bill was unnecessary, as Wallace had ample funds to supply the proper demands of the boat, which could have been furnished if he had had notice that funds were required.

The verdict being for the plaintiff below, for the full amount of the draft and legal interest, the defendant moved for a new trial, which was denied, and thereupon this writ of error was sued out.

Several questions were raised in the court below, which are not necessary to be considered. The merits of the case turn upon the point of usury in the transaction, and our attention will be confined to that.

First. It is insisted, in behalf of the plaintiff in error, that the contract was illegal by reason of usury; that one partner has no power to bind his copartner by an illegal contract, because the implied liability of a partner cannot be extended beyond contracts which the law recognizes as valid, and therefore that this contract being made without the knowledge or consent of the defendant, is void as to him. This is the principle contended for under the first instruction asked by the defendant; but we do not think it can be maintained under our laws.

Wallace v. Fouche.

The taking or reserving illegal interest is not a punishable offence under our laws, nor does it render the contract into which it enters wholly void. It only causes a forfeiture of all interest. *Grand Gulf Bank* v. *Archer*, 8 S. & M. 151.

So far, then, as the contract was legal and binding if made by the privity of the defendant, it was obligatory on the defendant, provided the draft was drawn in the usual course of business of the firm. If in other respects he was bound upon it he would not be discharged from it *in toto* merely because it was void as to all interest. We think, therefore, that this instruction was properly refused.

Second. The court instructed the jury at the instance of the plaintiff, " that if they believe from the evidence that the draft was discounted according to the usual custom of the place where discounted, to be used in the business of the boat, the law is for the plaintiff, to the extent of the money advanced and legal interest."

It is conceded that more than the legal rate of interest was reserved by the plaintiff in discounting the draft, and it is firmly settled by this court, by numerous decisions, that under such circumstances a party can recover only the principal sum advanced by him, and must lose all interest. *Bordurant* v. *Com. Bank Natchez*, 8 S. & M. 533; *Archer* v. *Putnam*, 12 S. & M. 286; *Coulter & Richards* v. *Robertson*, 14 S. & M. 18. The custom of any particular place or trade could not change this rule and render that legal which is prohibited by law, for upon such a principle all law might be set at nought.

For the error in granting this instruction, and the erroneous verdict and judgment rendered in virtue of it, the judgment is reversed, and the case remanded for a new trial.